# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

**STEPHANIE K. GREEN**                                                                             **PLAINTIFF**

v.                                                   **No. 4:17-CV-00637-BRW-JTK**

**NANCY A. BERRYHILL,**
Deputy Commissioner for Operations,
performing the duties and functions
not reserved to the Commissioner of
Social Security                                                             **DEFENDANT**

## RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## REASONING FOR RECOMMENDED DISPOSITION

Stephanie Green applied for social security disability benefits with an alleged onset date of June 27, 2013. (R. at 339). After a hearing, the administrative law judge (ALJ) denied her application. (R. at 291–92). The Appeals Council denied her request for review. (R. at 1). The ALJ's decision now stands as the Commissioner's final decision, and Green has requested judicial review.

For the reasons stated below, the magistrate judge recommends reversing and remanding the Commissioner's decision.

**I.**     **The Commissioner's Decision**

The ALJ found that Green had the severe impairments of hypertension, hypothyroidism, degenerative disk disease of the cervical spine, headaches, urinary incontinence, and depression. (R. at 279). The ALJ then found that Green's impairments left him with the residual functional capacity (RFC) to perform light work except that she was limited to the performance of work with simple tasks and simple instructions. (R. at 282). The RFC precluded Green's past relevant work. (R. at 290). However, a vocational expert (VE) testified that a person with Green's RFC could perform jobs such as office helper, merchandise marker, or small products assembler. (R. at 291). The ALJ therefore held that Green was not disabled. (R. at 291).

II.    **Discussion**

The Court is to affirm the ALJ's decision if it is not based on legal error and is supported by "substantial evidence in the record as a whole," which is more than a scintilla but less than a preponderance. *Long v. Chater,* 108 F.3d 185, 187 (8th Cir. 1997). The Court considers evidence supporting and evidence detracting from the Commissioner's decision, but it will not reverse simply because substantial evidence could support a different outcome. *Prosch v. Apfel,* 201 F.3d 1010, 1012 (8th Cir. 2000).

Green argues that the ALJ failed to fully and fairly develop the record, failed to include limitations related to impairments identified as severe, failed to properly consider her hearing loss, failed to grant her requests for consultative examinations, failed to properly consider her credibility, and erred in determining her RFC. As the undersigned finds that the ALJ failed to fully and fairly develop the record, it is not necessary to reach Green's other points.

An ALJ has a duty to ensure that the record contains evidence from a treating or examining physician addressing the particular impairments at issue. *Strongson v.*

*Barnhart*, 361 F.3d 1066, 1071-72 (8th Cir. 2004). It is not permissible for the ALJ to "play doctor," substituting his own medical judgment for that of a physician. *Pate-Fires v. Astrue*, 564 F.3d 935, 946–47 (8th Cir. 2009).

Only one treating physician—Allan Kirkland, M.D.—provided an opinion concerning Green's ability to function in the workplace, and the ALJ gave little weight to his opinion. (R. at 288–89). There were no consultative examinations or opinions from other treating physicians as to Green's limitations. Without Dr. Kirkland's opinion, the ALJ only had the opinions of the non-examining State Agency consultants and his own inferences to rely upon. The ALJ gave great weight to the opinions of the State Agency consultants, but such opinions from non-examining sources are not entitled to such weight. *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000). The ALJ did not fulfill his duty to properly develop the record with evidence from a treating or examining physician.

Furthermore, Green made specifically requested that the ALJ order consultative examinations or contact treating sources for their opinions concerning her ability to work. (R. at 585, 589). The ALJ relied on his own interpretation of treatment notes in order to arrive at Green's RFC, and this is not permissible.

### III. Recommended Disposition

The ALJ failed to fully and fairly develop the record. The ALJ's decision is therefore not supported by substantial evidence on the record as a whole. For these reasons, the undersigned magistrate judge recommends REVERSING and REMANDING the decision of the Commissioner with instructions to develop the record as necessary by recontacting treating sources or ordering consultative examinations.

Dated this 18th day of September, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE